UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

____

| | | |
|---|---|---|
| UMAR AHMAD SIDDIQ #106503, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:04-cv-89 |
| | ) | |
| v. | ) | HON. RICHARD ALAN ENSLEN |
| | ) | |
| R. CHAMPION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **OPINION** |

Plaintiff Umar Ahmad Siddiq, a prisoner incarcerated at the Alger Maximum Correctional Facility (LMF), filed a complaint pursuant to 42 U.S.C. § 1983. Although Plaintiff admittedly has filed at least three lawsuits which were dismissed as frivolous or failing to state a claim, Plaintiff was granted leave to proceed *in forma pauperis* on April 30, 2004, because he alleged that he was under imminent danger of serious bodily harm. 28 U.S.C. § 1915(g). Currently before the court is Defendants' motion to dismiss because Plaintiff has three strikes (Dkt. No. 35). In their motion, Defendants claim that Plaintiff's claim that he is under "imminent danger" of serious bodily harm is unsupported and conclusory.

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners--many of which are meritless--and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*,

106 F.3d 1281, 1286 (6th Cir. 1997).  For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint.  *Id.*  For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit.  *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits.  Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal.  The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury."  The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation.  *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th Cir. 1998); *accord Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

Plaintiff has been an active litigant in the federal courts in Michigan. In at least three of Plaintiff's lawsuits, the court entered dismissals on the grounds that they were frivolous and/or failed to state a claim. *See Siddiq v. Edlund*, No. 2:99-cv-00117 (W.D. Mich. Aug. 31, 2000); *Siddiq v. Yon*, No. 2:99-cv-00050 (W.D. Mich. Nov. 3, 1999); *Siddiq v. Stine*, No. 2:96-cv-00097 (W.D. Mich. July 1, 1996).

As noted above, Plaintiff was allowed to proceed *in forma pauperis* in this case because he alleged that he was in "imminent danger of serious bodily harm." Congress did not define "imminent danger" in the PLRA, but it is significant that Congress chose to use the word "imminent," a word that conveys the idea of immediacy. "Imminent" is "Near at hand . . . impending; on the point of happening; threatening, menacing, perilous. Something which is threatening to happen at once, something close at hand, something to happen upon the instant . . . and on the point of happening." BLACK'S LAW DICTIONARY, 514-15 (6th ed. 1991). "Imminent" is also defined as "ready to take place, near at hand, impending, hanging threateningly over one's head, menacingly near." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY, 1130 (1976). "Imminent danger" is "such an appearance of threatened and impending injury as would put a reasonable and prudent man to his instant defense." BLACK'S LAW DICTIONARY, 515 (6th ed. 1991).

In his complaint, Plaintiff claimed that he was in "imminent danger." Specifically, Plaintiff alleged that he was seriously assaulted by Defendants Champion and Uren while he was being moved into administrative segregation. Plaintiff states that Defendants Kangas and Lowery stood by and observed the assault, and did nothing to protect Plaintiff. Plaintiff suffered from cracked ribs as a result of the attack. On August 14, 2003, Defendant Champion told Plaintiff that if he did not stop complaining, he would be assaulted again. In his complaint, Plaintiff also claimed

that Defendant Etten subjected him to repeated threats of misconducts and assaults, including calling Plaintiff a "fake ass Muslim" and threatening to destroy him. Plaintiff also alleged that on March 10, 2004, Defendant Etten told him that if he did not stop whining, he would "fuck [Plaintiff] up."

Defendants Champion, Uren, Kangas, and Lowery assert that the allegations against them involve the period between August 8 and 14, 2003, well before Plaintiff filed his complaint in April of 2004. Therefore, Defendants state that there could be no "imminent danger" with regard to Plaintiff's claims against them. In addition, Defendants contend that the conduct of Defendant Etten did not constitute "imminent danger," and that even if it did, he retired from his job for the MDOC on June 1, 2004, so that he could not be a source of "imminent danger" at this time. Finally, Defendants assert that Plaintiff was transferred from MBP before Defendants were served in this case.

A district court has the discretion to discredit factual claims of imminent danger that are "clearly baseless," i.e., allegations that are fantastic or delusional and rise to the level of the "irrational or wholly incredible." *Gibbs v. Cross*, 160 F.3d 962, 967 (3rd Cir. 1998) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). The imminent danger exception to the "three strikes" rule contained in 28 U.S.C. § 1915(g) may be invoked by a prisoner only to seek relief from a danger which is imminent at the time that the complaint is filed. *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 312 (3rd Cir. 2001).

In response to Defendants' motion, Plaintiff states that he was in imminent danger at the time that he filed his complaint and, moreover, that he had suffered actual harm at the hands of Defendants. In Plaintiff's complaint, he states that Defendant Etten repeatedly threatened him with serious bodily harm, beginning on November 21, 2001, and continuing until March 18, 2004,

just prior to Plaintiff's filing the complaint. These allegations, taken with the fact that Plaintiff was assaulted by the other named Defendants, who were also employed at MBP, are sufficient to constitute imminent danger. The fact that Defendant Etten retired after Plaintiff filed his complaint, or that Plaintiff was transferred from MBP prior to Defendants being served, is irrelevant because Plaintiff alleges danger which was imminent at the time that the complaint was filed. *Abdul-Akbar,* 239 F.3d at 312.

Moreover, even if Plaintiff had not alleged imminent danger, his case would not be subject to automatic dismissal. Rather, Plaintiff would have been denied leave to proceed *in forma pauperis* and given an opportunity to pay the civil filing fee. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997) (noting that § 1915(g) does not prevent a prisoner from filing a complaint, but prohibits him from proceeding *in forma pauperis*).

An Order consistent with this Opinion shall issue.

                                    /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:          RICHARD ALAN ENSLEN
       May 24, 2005                UNITED STATES DISTRICT JUDGE