UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UMAR AHMAD SIDDIQ a/k/a/
LARRY JOE WALKER,

      Plaintiff,

v.

R. CHAMPION, RICHARD UREN,
K. KANGAS, MARK LOWERY, and
BILL ETTEN,

      Defendants.
_____/

Case No. 2:04-CV-89

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Defendants R. Champion, Richard Uren, K. Kangas, and Mark Lowery's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of December 21, 2005 ("Report"), which recommended that Defendants' Motion to Dismiss be denied. This Court now reviews the Report, Defendants' Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Plaintiff, an inmate currently incarcerated within the Michigan Department of Corrections ("MDOC"), filed this lawsuit against several MDOC staff members pursuant to 42 U.S.C. § 1983. Plaintiff's claims are premised on the protections of the Eighth Amendment to the United States Constitution and violations of state tort law. This Court originally dismissed without prejudice Plaintiff's claims against Defendants Champion, Uren, Kangas, and Lowery because Plaintiff failed to demonstrated he exhausted his administrative remedies. Plaintiff moved for relief from the Court's Judgment under Federal Rule of Civil Procedure 60(b) and advised that he inadvertently failed to attach proof of exhaustion to his Complaint. Plaintiff attached materials indicating that he

had exhausted claims against Defendants Champion, Uren, Kangas, and Lowery to his Motion for Relief from Judgment. The Court granted Plaintiff's Motion and reinstated Defendants Champion, Uren, Kangas, and Lowery in the lawsuit.

Defendants moved to dismiss Plaintiff's claims for failing to exhaust his administrative remedies before filing his Complaint. The Report explained that although Plaintiff has not exhausted every allegation in his Complaint, only his exhausted claims will be used as a bases of liability and the unexhausted allegations were merely included to show a pattern or history of conduct. Defendants objected on three grounds.

First, Defendants contend that Plaintiff's Complaint must be dismissed because of the total exhaustion rule announced in *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). The Prison Litigation Reform Act ("PLRA") provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Requiring prisoners to submit their grievance to prison officials affords administrators the opportunity to address complaints internally and potentially resolve the dispute before federal suit. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (citing 42 U.S.C. § 1997e(a)). The exhaustion requirement also acts a filter, filtering out frivolous claims, or at least clarifying the record for the district court. *Id.* at 525. The burden to plead and prove exhaustion belongs to Plaintiff, 42 U.S.C. § 1997e(a); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), and "a prisoner should attach to his [section] 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998).

As indicated, Plaintiff's Complaint contains both exhausted and unexhausted claims. The Court must now decide whether to dismiss the entire action pursuant to the "total exhaustion" rule or dismiss only the unexhausted claims pursuant to the "partial exhaustion" rule. As Defendants correctly note, the Sixth Circuit recently held in *Jones-Bey* that the PLRA requires a "complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims." *Jones-Bey*, 407 F.3d at 805. The Court has reviewed the *Jones-Bey* decision and other Sixth Circuit precedent and has determined that *Jones-Bey* is void under Sixth Circuit law. It is void because under Sixth Circuit Rule 206(c), a "prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit] sitting *en banc* overrules the prior decision." *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) (citing *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001)) (discussing the effect of published opinions by previous panels); *see also United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005) ; *Beck v. Haik*, 377 F.3d 624, 635 (6th Cir. 2004) ("A panel of this court cannot overrule the decision of another panel.") (internal citation omitted); *Valentine v. Francis*, 270 F.3d 1032, 1035 (6th Cir. 2001) ("Court *en banc* consideration is required to overrule a published opinion of the court.") (quoting 6th Cir. R. 206(c)). Consequently, this Court finds that *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999), remains controlling precedent.

*Hartsfield* held that, in a prisoner's civil rights action, unexhausted claims should be dismissed without prejudice and exhausted claims should be allowed to proceed and be determined on the merits. The Court finds that *Hartsfield* did address this issue and allowed for partial exhaustion, albeit not in as direct language as the *Jones-Bey* panel. Even without a direct discussion

of exhaustion, the intention of the *Hartsfield* panel to allow for partial exhaustion is clear since, as is often the case, it is facts and holdings that make precedent. "The *Hartsfield* panel indisputably could not have decided the case in the way that it did if total exhaustion was required." *Jones-Bey*, 407 F.3d at 810 (Clay, J., concurring in part and dissenting in part). Additionally, following *Hartsfield* is consistent with this Court's decision in *Jenkins v. Toombs*, 32 F. Supp. 2d 955 (W.D. Mich. 1999) (holding that it is appropriate to dismiss unexhausted claims and allow the exhausted claims to be determined on the merits). Therefore, this Court will follow the precedent set by *Hartsfield* until and unless the Supreme Court of the United States or Sixth Circuit *en banc* determines that the total exhaustion rule applies to prisoner civil rights actions. Only Plaintiff's unexhausted claims will be dismissed without prejudice. Defendants' Objections on this ground will be denied.

Next, Defendants contend that this Court abused its discretion when it granted Plaintiff relief under Rule 60(b) and allowed him to submit additional evidence of exhaustion. In granting Plaintiff's motion under Rule 60(b), the Court relied on *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001). In *Curry*, the Court noted that "decision of whether to accept the new evidence [of exhaustion] lay squarely within the discretion of the district court, an exercise of discretion we choose not to disturb." *Id.* at 504. Defendants are correct that the *Curry* court ultimately found the plaintiffs must accompany a Rule 60(b) motion premised on newly acquired evidence with a showing of why, in the exercise of due diligence, the evidence could not have been acquired sooner. *Id.* (citations omitted). Rather than make any showing of diligence, the *Curry* plaintiffs simply suggested they did not have to exhaust their claims.

In this case, Plaintiff supported his Rule 60(b) motion and attached grievance materials evidencing exhaustion. Instead of asserting that he did not have to exhaust these claims, Plaintiff advised the Court that he had inadvertently omitted the materials from his Complaint. The Court determined that it would be a sound exercise of judicial discretion to grant the motion. It would have been unduly harsh to Plaintiff and a waste of judicial resources to deny Plaintiff's motion since Defendants suffered no prejudice. Defendants' objection on this ground will be denied.

Defendants' final contention is that they are unclear what Plaintiff's claims against Defendant Bill Etten are. The Court will not consider this objection because Defendant Etten is not represented by Defendants Champion, Uren, Kangas, and Lowery's counsel. Defendant Etten is unrepresented and did not join in Defendants' Objections or file his own. Defendants' counsel cannot advance arguments on behalf of Defendant Etten when she has not indicated (by entering a notice of appearance) that she has Defendant Etten's consent to act on his behalf and is subject to his control. RESTATEMENT (SECOND) OF AGENCY § 1 (1958).

However, simply to clarify the record, the Court observes that Plaintiff asserted two claims against Defendant Etten: harassment and religious retaliation. Plaintiff grieved both claims against Defendant Etten through Step III.[1] (*See* Pl.'s Compl. Ex F.). In his Step I grievance Plaintiff listed harassment and religious retaliation occurring on September 11, 2003. Plaintiff's Complaint, however, recounted twelve other similar occurrences of harassment and religious retaliation as background for his two claims occurring on September 11, 2003. Thus, Plaintiff's two claims

---

[1] The September 11, 2003, grievance clearly indicated that Defendant Etten harassed and retaliated against Plaintiff because of his religion. *See Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003) (exhaustion found when "sufficient for a court to find that a prisoner's Step I problem statement gave prison officials fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint.").

against Defendant Etten are for harassment and religious retaliation relating to the events of September 11, 2003. An Order consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>April 10, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |