UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UMAR AHMAD SIDDIQ a/k/a
LARRY JOE WALKER,

    Plaintiff,

v.

R. CHAMPION, RICHARD UREN,
K. KANGAS, MARK LOWERY, and
BILL ETTEN,

    Defendants.

                                /

Case No. 2:04-CV-89

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Defendants R. Champion, Richard Uren, K. Kangas, and Mark Lowery's Motion to Reconsider the Court's April 10, 2006 Opinion and Order ("Ruling"). Defendants' Motion advises the Court that the Sixth Circuit has now definitively decided the question of whether the Prison Litigation Reform Act requires total exhaustion in *Rinard v. Luoma*, 440 F.3d 361, 363 (6th Cir. 2005).

      "[M]otions for reconsideration that merely present the same issues ruled upon by the Court shall not be granted." W.D. MICH. LCIVR 7.4(a). Defendants not only must demonstrate that the Court's Ruling suffers from a palpable defect, but must also show that a different result is manifest. *Id.* The Court articulated in its Ruling that it was unwilling to require total exhaustion as contemplated by *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005), but instead, will follow the partial exhaustion rule set out in *Hartsfield v. Vidor*, 199 F.3d 305 (6th Cir. 1999), until and unless the Supreme Court of the United States or Sixth Circuit (*en banc*) announce that total exhaustion is required. *See* 6 CIR. R. 206(c). Defendants' Motion asks the Court to reconsider the same argument

that was previously rejected by supplementing their position with new precedent (*Rinard*) that was neither decided by the Sixth Circuit *en banc* nor authored by a Justice of the Supreme Court. The Motion will be denied as duplicative.[1]  W.D. MICH. LCIVR 7.4(a).

Furthermore, the *Rinard* panel ignored the import of the United States Supreme Court's decisions in *Jones v. Bock*, No. 05-7058, 126 S. Ct. 1462 (U.S. Mar. 6, 2006) and *Williams v. Overton,* No. 05-7142, 126 S. Ct. 1463 (U.S. Mar. 6, 2006), which granted *certiorari* to consider the Sixth Circuit's total exhaustion rule. The grant of *certiorari* indicates the agreement of at least four justices of the Supreme Court that the Sixth Circuit's exercise of the "total exhaustion" rule, contrary to the recent practice of other circuits, should be carefully reviewed. Moreover, the fact that the Supreme Court chose to review cases from the Sixth Circuit, as opposed to cases from the multiple circuits exercising the contrary rule, indicates that relief may be specifically directed at the Sixth Circuit's use of the "total exhaustion" rule.

If the Circuit's own experience with *Booker* and *Apprendi* serves as any guide, then district courts must be careful to decide cases in a manner that affords substantial justice in light of the pending Supreme Court challenges and not delay the adjudication of legitimate causes or otherwise interfere with the Supreme Court's exercise of its jurisdiction. In other words, the exercise of the "partial exhaustion" rule while the Supreme Court decides this issue is, as a prudential matter, the best method for protecting the Supreme Court's jurisdiction over these cases. *Cf. United States v.*

---

[1] Contrary to Defendants' suggestion, this Court is well aware of the *Rinard* decision. However, because *Rinard* is a three-judge decision, its suffers from the same defects as *Jones-Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005). *See Siddiq v. Champion*, No. 2:04-CV-89, WL 958584, at *1-2  (W.D. Mich. Apr. 10, 2006) (citing 6 CIR. R. 206(c)).

*Henningsen*, 387 F.3d 585, 591 (7th Cir. 2004) (staying mandate in sentencing case while the Seventh Circuit awaited a ruling by the Supreme Court in *Booker*).

**THEREFORE IT IS HEREBY ORDERED** that Defendants R. Champion, Richard Uren, K. Kangas, and Mark Lowery's Motion to Reconsider (Dkt. No. 91) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>May 19, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |