UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UMAR AHMAD SIDDIQ
a/k/a LARRY JOE WALKER,

    *Plaintiff,*

v.                                                 Case No. 2:04-cv-89
                                                    HON. R. ALLAN EDGAR

RAY CHAMPION, MORT LOWERY,
RICHARD UREN, AND KIRT KANGAS,

    *Defendant*s.
_____/

## MEMORANDUM AND ORDER

       This case came before the Court for a bench trial on January 3, 2007. The Court heard testimony and received into the record several exhibits. This memorandum is the Court's findings of fact and conclusions of law.

       Plaintiff Umar Ahmad Siddiq a/k/a/ Larry Joe Walker ("Siddiq") is a longtime inmate of the State of Michigan prison system. Siddiq brings this civil rights action under 42 U.S.C. § 1983 against four corrections officers employed by the Michigan Department of Corrections: defendants Ray Champion("Champion"), Mort Lowery ("Lowery"), Richard Uren ("Uren"), and Kirt Kangas ("Kangas"). Siddiq claims the defendants used excessive force thereby depriving Siddiq of his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

On August 9, 2003, Siddiq was housed in the G-Block of Michigan's Marquette Branch Prison. G-Block houses prisoners who are in the general prison population. Siddiq was having a bad day. By his own admission Siddiq became agitated, started making noise, and began "mouthing off" to corrections officers in G-Block. In the course of this demonstration, Siddiq used numerous obscenities, including telling one or more officers that they could "suck my dick." This culminated in a threat by Siddiq to a corrections officer to the effect that "I'll kill you, you bitch." This verbal threat ignited a vocal chorus from other inmates in the area. Siddiq received several misconduct tickets for this conduct. (Court Exhibits 5, 6 and 7). Siddiq was ultimately found guilty of these misconduct charges which were designated as "threatening behavior." These misconduct charges were upheld after administrative review.

It was decided that in view of the circumstances on August 9, 2003, Siddiq needed to be moved to D-Block, an administrative segregation area for prisoners. At approximately 7:15 P.M. Siddiq was escorted by Champion and Uren to G-Block. Champion and Uren had not had any previous contact with Siddiq. Champion came from D-Block. Uren was a "roving" officer on duty that day. Neither of them was involved in any of the previous incidents that day in G-Block. During the transfer to D-Block, Siddiq was handcuffed to a belly chain and he was on a nylon or rope tether held by Uren.

The threesome entered the door to D-Block. The objective was to place Siddiq in a "strip" cell before placing him elsewhere in D-Block. However, before the officers could get him there, Siddiq jerked the tether away from Uren. Champion then reached out to retrieve the tether, whereupon Siddiq "kneed" Champion in the thigh. At this point Champion grabbed Siddiq by the arm, and Champion and Uren guided Siddiq to Cell 18. At that location, Siddiq spit on Uren. Other

officers then moved Siddiq to another cell, where it would be difficult to spit on people. Siddiq proceeded to flood this last cell by stopping up the toilet.

Siddiq has a different version of the facts. Siddiq says that Champion and Uren got him into the strip cell where they beat Siddiq for 4-5 minutes with their arms and foot kicks. Siddiq alleges that Lowery and Kangas were present, but they did not take any steps to prevent the alleged assault by Champion and Uren.

The Court finds that Siddiq's allegations and his testimony about the alleged assault are not credible for several reasons. First, even by Siddiq's own admissions, all of the above facts leading to whatever happened in D-Block are indeed true. While mere verbal assaults by prisoners do not justify physical assaults and the use of excessive force by corrections officers, it is not contested here that there was ample reasonable cause for Champion and Uren to take Siddiq to D-Block.

Second, the physics of the situation do not support the likelihood of Siddiq's version. Siddiq is much taller than Champion and Uren. It is doubtful that they would have been in a position to deliver body blows and kicks to Siddiq in such a way as to crack his ribs which is the only injury claimed by Siddiq. Furthermore, it is doubtful that an assault, as described by Siddiq, could have occurred in the strip cell because there is very little room in the strip cell to allow for a lot of movement, especially of the kind that Siddiq describes as the assault.

Third, Siddiq received no significant physical injury from the incident. Siddiq contends that he received "cracked ribs" which caused him some pain for about a month. However, there is no medical evidence to support this contention, and the medical records reveal that Siddiq only complained of "sore ribs" on one occasion. While a malicious and sadistic assault on a prisoner by a guard can constitute an Eighth Amendment violation despite a prisoner's lack of a severe physical

3

injury, the nature and extent of any physical injury is a relevant factor that this Court may consider in determining whether or not the defendant officers used excessive force under the circumstances. *Hudson v. McMillian,* 503 U.S. 1, 4, 7 (1992); *Hardy v. Vieta*, 174 Fed. Appx. 923, 925-26 (6th Cir. 2006). Here the extent of the minor physical injury to Siddiq, if any, does not support the allegation that Officers Champion and Uren assaulted Siddiq and used excessive force.

Fourth, Siddiq filed an administrative grievance concerning this alleged assault. (Exhibit 19.) The grievance was denied and Siddiq did not appeal this result. Fifth, Champion and Uren had no familiarity with Siddiq and there is no apparent reason why they would be motivated to use excessive force upon him. Finally, all four defendant officers testified that no assault occurred. The Court finds that the testimony of the defendants is consistent and credible in all respects.

For all of the reasons mentioned above, the Court finds that Champion and Uren did not assault Siddiq and did not use excessive force as he alleges. Of course, it is obvious that Lowry and Kangas never laid a hand on Siddiq, and Siddiq does not claim that they did. Champion and Uren may have had to use some reasonable force to bring Siddiq to Cell 18 after Siddiq in effect assaulted Officer Champion. However, this force was only that reasonably necessary to get Siddiq to a cell and to maintain proper order and discipline within the prison. There is nothing in this case that amounts to obduracy, wantonness, or the unnecessary infliction of pain which is required to prove an excessive force claim under the Eighth Amendment. *Hudson*, 503 U.S. at 5-8; *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). In sum, Siddiq has failed to meet his burden of proving his Eighth Amendment claim of an assault and excessive force by a preponderance of the evidence.

Accordingly, judgment will enter for the defendants. The plaintiff's action will be dismissed with prejudice.

Dated: January 11, 2007.

                                          */s/ R. Allan Edgar*
                                               R. ALLAN EDGAR
                                    UNITED STATES DISTRICT JUDGE